GUSTAV TAFEL, EXECUTOR, v. EUGENE L. LEWIS, AUDITOR, ETC.*

The situs of personal property belonging to a decedent, and in the hands of his executor, is the residence of the executor.

HOSEA, J.

Heard on demurrer to petition.

The question raised by the demurrer is whether bonds held in this city at decease by a non-resident are taxable in the hands of the executor appointed by the Hamilton County Probate Court, and a resident of Cincinnati. Revised Statutes, Sections 2734 and 2735, require an executor to list the property of decedent as he would if it were his own (except that his trust, character and ownership must be specified), and provides that personal property shall be listed in the township, city or village where the owner resides, or where it is situated.

Clearly, this property, if owned by the executor in his own right, must be listed here; and being an executor, and the property being in possession and administered here, it is the duty of the excutor to so list it.

This is clearly discussed and settled upon the authorities by the Circuit Court of Erie County in 6th C. C. Rep., 452,

———

* Affirmed by Supreme Court, 75 St., ——.

*Hawk et al, Executors,* v. *Bon, Auditor.* The court there deduce and declare the general principle to be, that where the persons assessed are not the absolute owners of property, but trustees, the test is the situs of the property itself.

In 39 O. St., 506, *Grant* v. *Jones,* our Supreme Court specifically determnes the same point, holding that bonds, etc., are taxable, if held by residents whether for themselves, or in a representative capacity, and uses this language:

"Our statute clearly adopts the rule that whenever the person holding such chose in action resides in Ohio he must list for taxation such credits whether he holds them as owner, guardian, trustee or agent. If they are held within the state in either capacity they are within the jurisdiction of the state for purposes of taxation."

To the same effect is the decision in 48 O. St., 648, the third syllabus of which is as follows:

"For the purpose of taxation, the domicile of the administrator is the legal situs of the credits belonging to the estate, and it is his duty to list them in the township, city or village in which he resides."

The authorities · simply confirm what seems to me the plain meaning of the statute, based upon a fundamental reason, namely, that, as property would be worthless except for the protection of the laws and the machinery for their enforcement existing where the property is actually situated and dealt with, it is but right that it should pay its proportion of the cost involved in such protection.

In this case, where the owner has departed this life, and his representative is actually administering his estate in this jurisdiction, and receiving the especial benefit of the laws preserving and distributing the property to the objects of his bounty, there are additional and strong reasons why it should pay the tax.

The objection urged by the plaintiff in argument, that the property is also being taxed in Germany, is not supported by averments in the petition; but if it were, it would make no difference in the result here, for obvious reasons; moreover, the point is practically disposed of in the case in 6 Circuit Court above cited.

I have carefully read and considered the brief and authorities of the plaintiff to the contrary of the views here expressed; but not only do the Ohio authorities cited seem to me conclusive, but the law itself, read in the light of its general policy, seems to me equally so..

Demurrer sustained; and as the demurrer practically involves the only question in the case, judgment of dismissal may be entered to the action.

*Tafel & Schott,* for the demurrer.
*Ampt, Ireton & Collins,* contra.